UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCIS MARTINEZ,

    Plaintiff,

v.                                               Case No: 2:16-cv-634-FtM-99CM

WS BONITA HOTEL SOUTH, LLC,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Entry of Clerk's Default (Doc. 10) filed on November 21, 2016. Plaintiff Francis Martinez moves, pursuant to Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendants WS Bonita Hotel South, LLC. For the reasons that follow, the motion is due to be granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must

first determine whether Plaintiff properly effected service of process.  *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(A), (B).  Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.  A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director.  Fla. Stat. § 48.081(1)(a)-(d).  As an alternative, process may be served on a registered agent of the corporation or an employee of the registered agent.  *Id.* § 48.081(3)(a).  If service cannot be made on the registered agent, service of process is permitted on any employee at the corporation's principal place of business or any employee of the registered agent.  *Id.*

Plaintiff has filed a Return of Service (Doc. 9) which states that on August 18, 2016, a process server for Caplan and Caplan Process Service served the Summons in a Civil Action, Civil Cover Sheet, Standing Order, and Complaint upon Corporation Service Company, registered agent[1] for WS Bonita Hotel South, LLC d/b/a Hampton Inn Bonita Springs at the address of 1201 Hays Street, Tallahassee, Florida 32301.

---

[1] According to www.sunbiz.org, Corporation Service Company is the registered agent of WS Bonita Hotel South, LLC.

Doc. 9.  Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1); Fla. Stat. § 48.081(3)(a).

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.  Defendants have failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default (Doc. 10) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant WS Bonita Hotel South, LLC.

**DONE** and **ORDERED** in Fort Myers, Florida on this 5th day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record